FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2012 SEP 24  PM 2: 27

CASE NO.:

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

LAURA E. HARTMAN, an individual,

3:12-cv-1050-J-32JBT

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT,
INC., a Kansas corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Laura E. Hartman, an individual, sues Defendant, Midland Credit Management, Inc., a Kansas corporation, and alleges:

### *INTRODUCTION*

1.     This is an action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the Telephone Consumer Protection Act ("TCPA"), which provides for private right of action for unauthorized automated telephone calls.

### *ALLEGATIONS AS TO PARTIES*

2.     At all times material hereto, Plaintiff, Laura E. Hartman ("Ms. Hartman"), was *sui juris* and a resident of St. Johns County, Florida.

1

3..  At all times material hereto, Defendant, Midland Credit Management, Inc. ("Midland"), is a Kansas corporation doing business in St. Johns County, Florida.

4.  At all times material hereto, Midland was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

### FACTUAL ALLEGATIONS

5.  At some unknown time in the past, Midland commenced collection activities with respect to a debt ("Unknown Debt") purportedly owed by a third party, to wit: "Patrick Cole" ("Third Party Debtor").

6.  Ms. Hartman does not know the Third Party Debtor, does not owe any money to Midland and has no relationship whatsoever with either Midland or the Third Party Debtor.

7.  Notwithstanding the fact that Ms. Hartman does not have a relationship whatsoever with the Third Party Debtor or Midland, commencing in September, 2011 through to the date hereof, Midland has made repeated telephone calls to Ms. Hartman on her cellular phone in an attempt to collect a debt from the Third Party Debtor.

8.  Ms. Hartman has repeatedly informed Midland that Ms. Hartman does not know who the Third Party Debtor is and has repeatedly asked Midland not to call her again.

9.  Midland refused to stop calling Ms. Hartman on her cellular phone for a debt she does not owe.

10. In response to the demands by Ms. Hartman that Midland not call her again, the collection employee of Midland would abruptly hang up the telephone.

11. Midland made approximately 30 to 40 telephone calls to Ms. Hartman on her celluar phone without the permission or consent of Ms. Hartman.

12. Midland did not have the right to make telephone calls to Ms. Hartman on her cellular phone regarding the alleged debt purportedly owed by the Third Party Debtor.

### COUNT I - ACTION FOR VIOLATION OF THE
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

13. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

14. Ms. Hartman realleges and reaffirms the allegations contained in Paragraphs 1 through 12 above as if set forth hereat in full.

15. At all times material hereto, the Third Party Debtor was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

16. At all times material hereto, Midland was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

17. At all times material hereto, the Unknown Debt was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

18. At all times material hereto, Midland was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

19. As more particularly described above, Midland has violated the FDCPA in that Midland has:

   (a) communicated with Ms. Hartman more than once in contravention of 15 U.S.C. §1692b(3);

   (b) engaged in conduct, the natural consequence of which is to harass, oppress or abuse Ms. Hartman in connection with the collection of a debt in contravention of 15 U.S.C.

§1692d; and

(c) caused a telephone to ring or engaged Ms. Hartman in a telephonic conversation repeatedly or continuously with the intent to annoy, abuse or harm Ms. Hartman in contravention of 15 U.S.C. §1692d(5).

20. As a direct and proximate result of the violation of the FDCPA by Midland, Ms. Hartman has been damaged. The damages of Ms. Hartman include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the credit and credit reputation of Ms. Hartman.

21. Pursuant to 15 U.S.C. §1692k, Ms. Hartman is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

22. Ms. Hartman has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Laura E. Hartman, an individual, demands judgment against Defendant, Midland Credit Management, Inc., a Kansas corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II - ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

23. This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

24. Ms. Hartman realleges and reaffirms the allegations contained in Paragraphs 1 through 12 above as if set forth hereat in full.

25. In furtherance of its collection activities, as set forth above, Midland made repeated unlawful automated calls to the cellular phone of Ms. Hartman.

26. Midland did not have the legal right to make telephone calls to Ms. Hartman on her cellular phone regarding the alleged debt purportedly owed under the Disputed Charge Account.

27. Ms. Hartman did not give consent to Midland to contact Ms. Hartman by any means.

28. Midland used an unlawful auto dialer to call the cellular phone of Ms. Hartman without permission to do so in violation of the TCPA.

29. Midland used an illegal predictive dialer to call the cellular phone of Ms. Hartman without permission to do so in violation of the TCPA.

30. Midland placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Ms. Hartman in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. There is no exception or justification for the numerous violations of the TCPA by Midland.

32. Each call to the cellular phone of Ms. Hartman is a separate violation and entitles Ms. Hartman to statutory damages against Midland in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

33. Midland willfully and knowingly violated the TCPA and the regulations

promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Laura E. Hartman, an individual, demands judgment against Defendant, Midland Credit Management, Inc., a Kansas corporation, for:

A. Statutory damages;

B. A declaration that the calls of Defendant violated the TCPA;

C. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

D. Such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, Laura E. Hartman an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

LAW OFFICES ROBERT W. MURPHY

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660/Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com